**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DANAH THOMPSON** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:21-cv-00772** |
| | § | |
| **WALMART, INC.** | § | |
| | § | |
| **DEFENDANT.** | § | |

---

**INDEX OF STATE COURT PLEADINGS AND FILING DATES**

---

| TAB NO. | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 414th Judicial District Court, McLennan County, Texas | 07/28/2021 |
| 2. | Plaintiff's Original Petition | 06/28/2021 |
| 3. | Citation Issued to Defendant Walmart, Inc. | 06/29/2021 |
| 4. | Service of Process Transmittal | 06/29/2021 |
| 5. | Defendant Wal-Mart Store Texas, LLC's Original Answer to Plaintiff's Original | 07/23/2021 |
| 6. | Defendant Wal-Mart Store Texas, LLC's Jury Demand | 07/23/2021 |

# TAB NO. 1





**Home**

**Criminal**

**Civil**

Civil Record Detail: Cause Number: 2021-1917-5

| | |
|---|---|
| Cause Number | 2021-1917-5 |
| Style 1 | DANAH THOMPSON |
| Style 2 | WALMART, INC. |
| Filed Date | 6/28/2021 |

| Event Date | Event Desc |
|---|---|
| 07/23/2021 | Defendant Wal-Mart Stores Texas, LLC's Original An |
| 07/23/2021 | Defendant Wal-Mart Stores Texas, LLC's Jury Demand |
| 06/30/2021 | E-FILE INFORMATION SHEET |
| 06/30/2021 | RETURNED CITATION WALMRT INC |
| 06/29/2021 | E-FILE INFORMATION SHEET //PE (PETITION/REQUEST) |
| 06/29/2021 | CITATION ISSUED TO WALMART, INC. |
| 06/28/2021 | PLAINTIFF'S ORIGINAL PETITION |
| 06/28/2021 | REQUEST FOR ISSUANCE |
| | 1 |

 © 2021 Edoctec. All Rights Reserved

# TAB NO. 2

FILED
MCLENNAN COUNTY
6/28/2021 4:43 PM
JON R. GIMBLE
DISTRICT CLERK
Paige Edmundson

CAUSE NO. **2021-1917-5**

| | | |
|---|---|---|
| DANAH THOMPSON | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | 414TH  JUDICIAL DISTRICT |
| | § | |
| WALMART, INC. | § | |
| *Defendant.* | § | OF MCLENNAN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW DANAH THOMPSON, hereinafter called Plaintiff, complaining of and about WALMART, INC. ("Walmart"), hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES

2.     Plaintiff, DANAH THOMPSON, is an individual residing in Texas.

3.     The last three numbers of Plaintiff's driver's license are 465. The last three numbers of Plaintiff's social security number are 695.

4.     Defendant WALMART INC. is a for-profit corporation doing business in Texas, and may be served with process by serving its registered agent, C. T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

### JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court.

6.     Plaintiff seeks only monetary relief over $250,000 but not more than $1,000,000.

7.     This court has jurisdiction over the parties because Defendant Walmart is a for-profit corporation doing business in Texas.

8.      Venue in McLennan County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9.      On or about June 29, 2019, Plaintiff visited Walmart Supercenter #5389 in Hewitt, Texas, which is a store owned and operated by Defendant Walmart. While retrieving a shopping cart in the parking lot, Plaintiff was struck by a row of shopping carts ("steering cart") that was being operated by an employee of Defendant who was acting in the course and scope of their employment and authority ("Employee"). As a result of the incident, Plaintiff sustained significant injuries.

## CAUSES OF ACTION

### COUNT 1 – NEGLIGENCE OF DEFENDANT WALMART

10.     The foregoing paragraphs are incorporated herein by reference.

11.     At the time of the incident described above, Defendant's Employee was the agent, servant, and/or employee of Defendant Walmart, and was acting within the scope of his employment and authority as such agent, servant, and employee at the time of the incident in question.

12.     Plaintiff alleges that Defendant Walmart is vicariously liable to her based on the doctrine of *Respondeat Superior*.   That is, Defendant Walmart is liable to Plaintiff by virtue of the above-described negligent conduct of its employee as described above. Defendant's Employee was at all times material the employee of Walmart and operating a steering cart owned by Walmart. Further, each of the above negligent acts and/or omissions on the part of Walmart's Employee, singularly and cumulatively, was a proximate cause of the incident in question and the resulting injuries and damages Plaintiff complains of herein.

13.     Plaintiff also alleges that Defendant Walmart owed a duty to Plaintiff and the public,

and failed to use ordinary care, that is, failed to do that which a person of ordinary prudence would have done under the same or similar circumstances and/or filed to do that which a person or ordinary person would not have done under same or similar circumstances. Walmart failed to act a reasonable and prudent person would have acted under the same or similar circumstances, failed to use ordinary care by various acts and/or omissions, and committed negligent acts and/or omissions, each of which singularly or in combination with others, was the proximate cause of the occurrence in question, and which acts and omission created an unreasonable risk of harm, including but not limited to failure to train, failure to supervise, negligent entrustment, and negligent hiring.

14.     The negligent acts and/or omissions singularly and cumulatively constitutes negligence, created an unreasonable risk of harm, and was a proximate cause of injuries and damages to Plaintiff. Plaintiff suffered damages from foreseeable misconduct of Defendant's Employee, who was hired, supervised and retained pursuant to Walmart's negligent practices.

15.     The conduct of Defendant herein constitutes gross negligence.

## COUNT 2 – PREMISES LIABILITY

16.     The foregoing paragraphs are incorporated herein by reference.

17.     Plaintiff was an invitee at the time the injury occurred. Plaintiff went to Defendant Walmart's premises for the mutual benefit of herself and Defendant Walmart, and at the implied invitation of Defendant Walmart. Plaintiff was a business invitee of Defendant Walmart because on or about June 29, 2019, Plaintiff entered Defendant Walmart's business premises, a store known as Walmart Supercenter for Modern Living, to purchase groceries for her home. Defendant Walmart had extended an open invitation to the public, including Plaintiff.

18.     Because Plaintiff was an invitee at the time of injury, Defendant Walmart owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

19.     Plaintiff was injured on Defendant Walmart's property when she was struck by Defendant's Employee, who was operating the steering cart.

20.     Defendant Walmart's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by the Defendant Walmart to Plaintiff. Defendant Walmart knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees because Defendant Walmart and used by its agents, servants, and employees, acting within the scope of their employment, used the steering cart owned by Defendant Walmart to move carts in the parking lot. Defendant Walmart knew this condition caused an unreasonable risk of harm to customers such as Plaintiff who would be in the parking lot entering its store and might by an employee who was negligently operating the steering cart. Defendant Walmart failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding it, because Defendant Walmart failed adequately train its employees in operating the steering cart and failed to warn invitees of the danger that the steering cart posed to customers. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence described above and of Plaintiff's injuries and damages as described below.

21.     The conduct of Defendant herein constitutes gross negligence.

### DAMAGES

22.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur damages, including but not limited to the following:

A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in McLennan County, Texas;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering in the future;

E.      Physical impairment and disfigurement in the past;

F.      Physical impairment and disfigurement which, in all reasonable probability, will be suffered in the future;

G.      Loss of earnings in the past;

H.      Loss of earning capacity which will, in all probability, be incurred in the future;

I.      Mental anguish in the past;

J.      Mental anguish in the future; and

K.      Exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Danah Thompson respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause Plaintiff have:

A.      Judgment against Defendant for a sum within the jurisdictional limits of the Court;

B.      Prejudgment interest as provided by law;

C.      Separate award of exemplary damages against Defendant;

D.      Costs of suit; and

E.      Such other relief to which Plaintiff may be justly entitled, whether at law or in equity.

Respectfully submitted,

DUNNAM & DUNNAM LLP

By:     */s/ Jim Dunnam*
        JIM DUNNAM
        State Bar No. 06258010
        ELEEZA JOHNSON
        State Bar No. 24058690
        MASON VANCE DUNNAM

State Bar No. 24108079
DUNNAM & DUNNAM LLP
4125 West Waco Drive
Waco, Texas 76710
Tel. (254) 753-6437
Fax. (254) 753-7434
jimdunnam@dunnamlaw.com
eleezajohnson@dunnamlaw.com
masondunnam@dunnamlaw.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# TAB NO. 3

# CITATION

PAPER# 1
ATTY

**THE STATE OF TEXAS**

**Cause No: 2021-1917-5**

TO: **WALMART INC., A FOR-PROFIT CORPORATION, DEFENDANT - BY SERVING ITS REGISTERED AGENT, C. T. CORPORATION SYSTEM, AT 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201**

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**DANAH THOMPSON**                                               Plaintiff

VS.

**WALMART INC., A FOR-PROFIT CORPORATION**                       Defendant

Court: **414TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **JUNE 28, 2021**
Cause No: **2021-1917-5**

### NOTICE

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **JUNE 29, 2021.**

**JIM DUNNAM**                          Jon R. Gimble, District Clerk
**4125 WEST WACO DRIVE**                501 Washington Ave., Suite 300 Annex
**WACO, TEXAS 76710**                   Waco, McLennan County, Texas 76701
Attorney for Plaintiff

By: _Paige Edmundson_____, Deputy
**PAIGE EDMUNDSON**

## RETURN OF SERVICE

Style: **DANAH THOMPSON VS. WALMART INC., A FOR-PROFIT CORPORATION**
Cause No: **2021-1917-5**
Court: **414TH JUDICIAL DISTRICT**
Paper#: **1**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**

Came to hand on the _____ day of _____, 20____ at _____o'clock ____M. and executed on the ____

day of _____, 20____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading attached

thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy                    _____

Total $_____     NO SHERIFF OR CONSTABLE     _____ County, Texas
                                        FEES COLLECTED         By _____

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

# TAB NO. 4

 **CT Corporation**

**Service of Process Transmittal**
06/29/2021
CT Log Number 539824999

**TO:**   Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**   **Process Served in Texas**

**FOR:**   WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Thompson Danah, Pltf. vs. Walmart, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 414th Judicial District Court McLennan County, TX Case # 202119175 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 06/29/2019 - Walmart Supercenter #5389 in Hewitt, Texas |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/29/2021 at 12:45 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10 a.m. of the Monday next after the expiration of 20 days after the date of service |
| **ATTORNEY(S) / SENDER(S):** | Jim Dunnam Dunnam & Dunnam LLP 4125 West Waco Drive Waco, TX 76710 254-753-6437 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2021, Expected Purge Date: 07/05/2021 Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 1999 Bryan Street Suite 900 Dallas, TX 75201 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# TAB NO. 5

FILED
MCLENNAN COUNTY
7/23/2021 10:30 AM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Madkins

**CAUSE NO. 2021-1917-5**

| | | |
|---|---|---|
| DANAH THOMPSON | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | 414TH JUDICIAL DISTRICT |
| | § | |
| WALMART, INC. | § | |
| DEFENDANT. | § | MCCLENNAN COUNTY, TEXAS |
| | § | |

---

**DEFENDANT WAL-MART STORES TEXAS, LLC'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") (incorrectly named Walmart, Inc.) in the above-styled and numbered cause, and files this Original Answer, and in support hereof would respectfully show unto the Court the following.

**I.**

**GENERAL DENIAL**

 1. Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

**II.**

**AFFIRMATIVE DEFENSES**

 2. Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of

---

recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id.* Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that they are entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that they are entitled to a proportionate reduction of any damages found against them based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for

pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that they acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries plead by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting

conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant' own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

### III.

### NOTICE OF INTENT

14.     Defendant further places plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

### IV.

### DEMAND FOR JURY TRIAL

15.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ Derek S. Davis*
        **DEREK S. DAVIS**
        Texas Bar No. 00793591
        Email:  Derek.Davis@CooperScully.com
        **MIRANDA K. ROBERTS**
        Texas Bar No. 24121086
        Email: Miranda.Roberts@CooperScully.com

        900 Jackson Street, Suite 100
        Dallas, Texas 75202
        Telephone: (214) 712-9500
        Facsimile:  (214) 712-9540

        **ATTORNEYS FOR DEFENDANT**
        **WAL-MART STORE TEXAS LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2021, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Jim Dunnam**
Email:  jimdunnam@dunnamlaw.com
**Eleeza Johnson**
Email:  eleezajohnson@dunnamlaw.com
**Mason Vance Dunnam**
Email:  masondunnam@dunnamlaw.com
Dunnam & Dunnam LLP
4125 Waco West Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile:  (254) 753-7434
**ATTORNEYS FOR PLAINTIFF**

        */s/ Derek S. Davis*
        **DEREK S. DAVIS**

# TAB NO. 6

FILED
MCLENNAN COUNTY
7/23/2021 10:30 AM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Madkins



**DEREK S. DAVIS, RPH, JD**                                                    214-712-9537
Licensed to Practice Law in Texas and California                   Derek.Davis@cooperscully.com
Licensed to Practice Pharmacy in Texas

July 23, 2021

## VIA ELECTRONIC FILING

Clerk of the 414th Judicial District Court
501 Washington Avenue, Suite 307
Waco, Texas 76701

Re:   Cause No. 2021-1917-5; *Danah Thompson v Walmart, Inc.*; in the 414th Judicial
District Court, McLennan County, Texas.

Dear Clerk of the Court:

Please allow this correspondence to serve as our jury demand in the above-referenced
cause.  The jury fee is being paid with this filing.

Thank you.

Very truly yours,

*/s/ Derek S. Davis*
Derek S. Davis, RPh, JD

DSD:km

cc:   ***Via Electronic Filing***
**Jim Dunnam**
Email:  jimdunnam@dunnamlaw.com
**Eleeza Johnson**
Email:  eleezajohnson@dunnamlaw.com
**Mason Vance Dunnam**
Email:  masondunnam@dunnamlaw.com
Dunnam & Dunnam LLP
4125 Waco West Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile:  (254) 753-7434

Founders Square   900 Jackson Street, Suite 100 Dallas, TX  75202
Telephone (214) 712-9500   Fax (214) 712-9540
www.cooperscully.com

Austin Office (512) 439-1500                    Houston Office (713) 236-6800                    San Francisco Office (415) 956-9700
D/1037512v1